**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **LINDA MCMAHAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:17-01262 |
| ) | **Magistrate Judge Brown** |
| **FLOUR INTERNATIONAL, ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM**

**I. STATEMENT OF THE CASE**

Plaintiff brought this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., on September 13, 2017 against the following defendants: Flour International (Flour), Claus Keys, John Bender, Anthony Bland, Donald Thomas, and Nealer Brown. (Doc. 1) This action was referred to the undersigned on October 12, 2017 "to dispose or recommend disposition of any pretrial motions . . . and to conduct further proceedings, if necessary . . . ." (Doc. 5)

An initial case management order was entered on February 15, 2018 (Doc. 20), following which plaintiff filed a stipulation of dismissal on February 28, 2018 as to the five individuals named as defendants in the paragraph above (Doc. 21). The District Judge dismissed this action against Messrs. Keys, Bender, Bland, Thomas, and Brown pursuant to the stipulation. (Doc. 22)

Flour filed a motion for judgment on the pleadings on March 16, 2018 (Doc. 24) accompanied by a supporting memorandum of law (Doc. 25).[1] Thereafter, the parties filed a notice of consent (Doc. 27), and the District Judge referred this case to the undersigned "to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73" (Doc. 28).

---

[1] Flour asserts in its motion that the complaint incorrectly names "Flour International" as the defendant, and that "Flour Federal Global Projects, Inc." should have been named as the defendant instead. (Doc. 24)

Plaintiff responded to Flour's motion for judgment on the pleadings on May 25, 2018. (Doc. 33) Flour did not seek to file a reply. This matter is now properly before the court.

## II. FACTUAL BACKGROUND

Plaintiff was employed by Flour at the Bagram Airfield in Afghanistan at the time of the alleged events in November 2015 that gave rise to this action. (Doc. 1, ¶¶ 4-5, p. 2) Plaintiff checked the boxes in her form-complaint corresponding to allegations of discrimination based on race, color and sex, failure to promote, retaliation for filing a charge of discrimination in the EEOC, and other grounds, *i.e.*, for being reprimanded because she brought to management's attention that a fellow employee, Marcus Henderson, was a "habitual sleeper" on the job. (Doc. 1, ¶¶ 8(1)-(3), (c)-(e), pp. 2-3) The statement of facts in the complaint is quoted below in its entirety:

> My leadership demonstrated unfair treatment by writing me up for bringing to their attention the problem of Marcus Henderson (habitual sleeper) sleeping to no avail, while they fired Scott Manucci for sleeping on the job. The leadership said I violated Flour policy, but did not write up Xavier Williams for taking [a] picture of Scott Manucci.
>
> An official write-up was sanctioned against me because I did not agree with how someone – Scott Manucci – could be fired for sleeping and another person could get away with continually sleeping at work, which increased my workload . . . but I was the only person reprimanded for it; while, Xavier Williams was NOT when he took a picture of Scott Manucci, as well as James Williams when he video taped David Yost sleeping.

(Doc. 1, ¶¶ 8(e)-9, p. 3) The undersigned liberally construes the complaint to allege that Flour: 1) subjected plaintiff to *disparate treatment* because of her race, color and sex when it reprimanded[2]

---

[2] Plaintiff attached a copy to the complaint of the "WRITTEN REPRIMAND RECORD" dated November 28, 2015 – the "write-up" to which she refers above – that provides the following information: 1) plaintiff "attempted to take a photograph" on November 26, 2015 of another employee "in the act of sleeping during work hours"; 2) her actions violated Flour's Anti-Harassment Policy, HR 147, intended to "maintain a positive, productive environment free from any form of Harassment, exploitation or intimidation . . . ."; 3) "employees may not make unauthorized audio or visual recordings (including pictures), as these actions have the potential to create an intimidating and uncomfortable working

her for attempting to take a photograph of Mr. Henderson sleeping on the job when other employees did not receive reprimands for essentially the same conduct; 2) subjected plaintiff to *disparate treatment* because of her race, color and sex when it reprimanded her for challenging the termination of Mr. Manucci for sleeping on the job; 3) *retaliated* against plaintiff when it reprimanded her for disagreeing with the decision to terminate Mr. Manucci for sleeping on the job; 4) *retaliated* against plaintiff by making her ineligible for promotion when it reprimanded her; 5) *retaliated* against plaintiff by reprimanding her for filing a charge of discrimination with the EEOC.

Plaintiff seeks the following relief: 1) "Re-employ Scott Manucci and [p]romote Scott, as well as pay Scott compensatory and pun[i]tive damages"; 2) award plaintiff compensatory damages in the amount of "750K, for disparity of treatment . . . ."; 3) award plaintiff punitive damages in the amount of one million dollars. (Doc. 1, ¶¶ (d), (f)-(g), p. 4)

### III. ANALYSIS

#### A. STANDARD OF REVIEW

#### 1. Motion for Judgment on the Pleadings

A party may move for judgment on the pleadings after the pleadings are closed. Rule 12(c), Fed.R.Civ.P. "Motions for judgment on the pleadings . . . are analyzed under the same . . . standard as motions to dismiss pursuant to Rule 12(b)(6)." *Northville Downs v. Granholm*, 622 F.3d 579, 585 (6th Cir. 2010)(quoting *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. The courts are not

---

environment . . . [and that] . . . [c]ontinued violations of this nature may result in elevated corrective action up to and including termination." (Doc. 1-1, p. 43 of 52) The reprimand indicates that plaintiff refused to sign it.

required to accept as true legal conclusions couched as factual allegations, *see Twombly*, 550 U.S. at 555, and a Rule 12(c) motion should be granted if the complaint "tenders 'naked assertion[s]' devoid of 'further factual enhancement,'"*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Notwithstanding that a 12(c) motion is analyzed under the same standards as a 12(b)(6) motion, a Title VII plaintiff is not required to make a *prima facie* showing in the complaint because a 12(c) motion encompasses a pleading requirement, not an evidentiary standard. *See Keys v. Humana, Inc.,* 684 F.3d 605, 609 (6th Cir. 2012)(citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002)("The *prima facie case* under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement"). More particularly, the "short and plain" language of Rule 8(a) applies when deciding a Rule 12(c) motion. *Keys*, 684 F.3d at 609 (citing *Swierkiewicz*, 534 U.S. at 514). Although the complaint "need not present 'detailed factual allegations,' it must allege sufficient 'factual content' from which the court informed by its 'judicial experience and common sense' could "draw the reasonable inference.'" *Keys*, 684 F.3d at 610 (quoting *Iqbal*, 556 U.S. at 678-79).

## 2. Plaintiff's Title VII Race, Color and Sex Discrimination Claims

Plaintiff alleges that Flour discriminated against her because of her race, color and sex when she was reprimanded for attempting to take a photograph of Mr. Henderson sleeping on the job but others did not receive reprimands for essentially the same conduct, and because she challenged Mr. Manucci's termination. Flour argues that plaintiff has not pled any facts to show that she suffered an adverse employment action. (Doc. 25, ¶ III, pp. 4-5)

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1), (m); *see University of*

4

*Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 342, 347 (2013). To establish a *prima facie* case under Title VII, plaintiff must show that she was: 1) a member of a protected group; 2) subject to an adverse employment action; 3) qualified for the position; 4) replaced by a person outside the protected class, or similarly situated non-protected employees were treated more favorably.³ Civil Rights Act of 1964 § 701 *et seq.*, 42 U.S.C. § 2000e *et seq.* "For a sex discrimination claim, the fourth factor is limited to the plaintiff being 'treated differently than similarly-situated [] employees [of the opposite gender].'" *Golden v. Mirabile Investment Corp.*, 724 Fed.Appx. 441, 447 (6th Cir. 2018)(quoting *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 928-29 (6th Cir. 1999)(brackets in the original)).

The undersigned concludes based on the elements of the *prima facie* showing enumerated above that, in order to satisfy the federal pleading requirements under Rule 8(a), plaintiff must have alleged and shown that she was a member of a protected class and that she was subject to an adverse employment action. The record shows that plaintiff is an African American woman. Therefore, she satisfies that part of the pleading requirement under Rule 8(a). The next question is whether plaintiff alleges and shows that she was subject to an adverse employment action. For the reasons explained below, she does not.

The law is well established that an adverse employment action under Title VII occurs where there is a "'materially adverse change in the terms or conditions' of employment." *Laster v. City of Kalamazoo*, 746 F.3d 714, 727 (6th Cir. 2014)(citing *Kocsis v. Multi-Care Mgmt. Inc.*, 97 F.3d 876, 885 (6th Cir. 1996)). "An adverse employment action 'constitutes a significant change in

---

³ The undersigned has not lost sight of the fact that a Title VII plaintiff is not required to make a *prima facie* showing of discrimination to defeat a 12(c) motion, and that she need only provide a "short and plain" statement that sets forth a claim for relief. The undersigned refers to the required *prima facie* showing solely for the purpose of determining what the complaint ought to have alleged to satisfy Rule 8(a).

5

employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Laster*, 746 F.3d at 727 (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)); *see also Kocsis*, 97 F.3d at 886 (stating that an adverse employment action must typically constitute a "materially adverse change in the terms of . . . employment," such as "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular station.").

The complaint in this case is devoid of any factual allegations that the reprimand resulted in plaintiff being fired, demoted or suspended, that she suffered a decrease in her wages or salary, that she was reassigned with significantly diminished material responsibilities, that her title was changed to a less distinguished one, or that she experienced a significant material change in benefits, nor can such factual allegations be liberally construed from the pleadings. "A written reprimand, without evidence that it led to a materially adverse consequence such as lowered pay, demotion, suspension, or the like, is not a materially adverse employment action." *Creggett v. Jefferson County Bd. of Educ.* 491 Fed.Appx. 561, 566 (6th Cir. 2012)(collecting cases from other circuits).

The only thing that plaintiff asserts in her complaint that can be liberally construed as an adverse employment action is that an unnamed and unidentified "Manager/Supervisor stated [that] nobody would be considered for promotion w/a write-up in [their] file." (Doc. 1, ¶ 8(c), p. 3) However, without any factual enhancement, this statement is nothing more than a naked assertion. Moreover, plaintiff pens in her own hand in the margin of an attachment to the complaint that Manager Claus Keys told her on April 23, 2016 that if she did not "get another write up [she] would be fine." (Doc. 1-1, p. 1 of 52) In addition to the obvious conflict between the foregoing statements,

6

there is nothing in the complaint that suggests that plaintiff was eligible to be promoted, or that she applied for a promotion, but Flour refused to promote her because of the reprimand. In other words, plaintiff's claim that the reprimand barred her from future promotions is both conclusory and speculative. "[F]actual allegations must do more than create speculation or suspicion, they must show entitlement to relief." *Sam Han v. Univ. of Dayton*, 541 Fed.Appx. 622, 627 (6th Cir. 2013)(citing *Twombly*, 550 U.S. at 553-54); *see Campbell v. University of Akron*, 211 Fed.Appx. 333, 347 (6th Cir. 2006)("Mere personal beliefs, conjecture and speculation are insufficient to support on inference of" an adverse employment action)(citations omitted).

Finally, plaintiff avers in her response that she would have been eligible for a promotion under Flour's policies 180 days after the reprimand was entered in her record, *i.e*, on May 2, 2016. (Doc. 33, ¶ 9, pp. 7-8) However, plaintiff writes elsewhere in her response that "there was no need to apply for a job and waste my time applying for a position that I was ineligible to be considered for." (Doc. 33, ¶ 9, p. 8) In other words, plaintiff *admits* that she made no effort to obtain a promotion, either during the 180-day period after the disciplinary was entered in her record, or afterwards. In short, plaintiff's claim that she would be ineligible for promotion after receiving a reprimand is – once again – purely speculative. As established above, mere speculation or suspicion is not sufficient to establish an adverse employment action.

As shown above, the complaint fails to provide sufficient factual content to satisfy federal pleading requirements under Rule 8(a) as to plaintiff's disparate treatment claims. Accordingly, Flour is entitled to judgment as a matter of law on these first two issues.

### 3. Plaintiff's Retaliation Claims

#### a. Retaliation for Disagreeing with the Decision to Terminate Mr. Manucci

Plaintiff asserts that Flour retaliated against her when it reprimanded her for disagreeing with the decision to terminate Mr. Manucci. Flour argues that there is no basis for concluding that plaintiff engaged in protected activity in voicing her concerns about Mr. Manucci, nor was any adverse action taken against plaintiff. (Doc. 25, ¶ IV, pp. 6-7)

A *prima facie* case of retaliation under Title VII requires proof that: 1) plaintiff engaged in activity protected by Title VII; 2) the defendant knew of plaintiff's exercise of that protected activity; 3) the defendant took an action that was "materially adverse" to plaintiff; 4) a causal connection existed between the protected activity and the materially adverse action. *Mys v. Michigan Dep't of State Police*, 886 F.3d 591, 599-600 (2018)(citation omitted). The causal connection element "requires proof of so-called 'but-for' causation, meaning that the plaintiff must furnish evidence that the 'unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Mys*, 886 F.3d at 600 (citation omitted).

The undersigned concludes from the elements enumerated above that, to satisfy the pleading requirements for this claim under Rule 8(a), plaintiff must have alleged and shown that she was engaged in protected activity and that she was subject to an adverse employment action. The undersigned assumes without deciding that plaintiff's actions on Mr. Manucci's behalf *might* have risen to the level of protected activity. That said, as explained above at pp. 6-7, plaintiff has failed to satisfy federal pleading requirements under Rule 8(a) that she suffered an adverse employment action. Therefore, Flour is entitled to judgment as a matter of law on this issue.

### b. Failure to Promote

Plaintiff alleges that Flour retaliated against her because it did not promote her. Flour argues that plaintiff does not allege that she applied for, or was qualified for, a position that was given to

8

someone else, or that she ever was denied a promotion. (Doc. 25, ¶ II, pp. 3-4)

A Title VII plaintiff must make the following *prima facie* showing in a failure-to-promote discrimination case: 1) she is a member of a protected class; 2) she applied for and was qualified for a promotion; 3) she was considered for and denied the promotion; 4) an individual of similar qualifications who was not a member of the protected class received the promotion at the time plaintiff's request for the promotion was denied. *See Henry v. Abbott Laboratories*, 651 Fed.Appx. 494, 499 (6th Cir. 2016)(citing *White v. Columbus Metro. Housing Auth.*, 429 F.3d 232, 240 (6th Cir. 2005)). The undersigned concludes from the elements enumerated above that, to satisfy the pleading requirements under Rule 8(a) on this claim, plaintiff must have alleged and shown that she was a member of a protected class and that she was denied a promotion.

As previously established above at p. 5, plaintiff is a member of a protected class. However, as shown above at pp. 6-7, the pleadings are devoid of any factual allegations that would support the conclusion that she was denied a promotion. Accordingly, Flour is entitled to judgment as a matter of law on this issue.

### c. Retaliation For Filing a Charge of Discrimination in the EEOC

Plaintiff alleges that Flour retaliated against her for filing a charge of discrimination with the EEOC. Flour argues that causal connection "is not possible" between the November 2015 reprimand, *i.e.*, the alleged act of retaliation, and the charge of discrimination filed by plaintiff in May 2016. (Doc. 25, ¶ IV, p. 6)

Cutting to the chase, plaintiff filed the charge of discrimination on May 23, 2016 – more than 6 months after the November 28, 2015 reprimand was entered in her record. Common sense dictates that, because the charge of discrimination postdated the reprimand by more than half a year, the before-the-fact reprimand could not have been in retaliation for filing the after-the-fact charge of

discrimination. Flour is entitled to judgment as a matter of law on this claim because it lacks an arguable basis in law or fact and, as such, it is frivolous.

### 4. Plaintiff's Efforts on Behalf of Mr. Manucci

The relief demanded in the complaint suggests that plaintiff brought this action on Mr. Manucci's behalf as well as her own, and that she actually envisioned this case as a class action. This impression is supported by an email from plaintiff to Mr. Manucci dated October 25, 2016 in which she wrote:

> [Y]ou and I should receive a hefty, hefty, hefty class action settlement. Scott, what would you like to see happen? What do you feel it would take to restore you to the person before you experienced this unfortunate situation and set of circumstances? Of course, they will likely want to settle out of court, so you need to be thinking about what it will take to make you whole. . . .

(Doc. 1, p. 16 of 52)

Notwithstanding plaintiff's apparent intent, the law is well established that a party generally may assert only their own rights in federal court. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975); *cf Coal Operators and Associates, Inc. v. Babbitt*, 291 F.3d 912, 916 (6th Cir. 2002). Moreover, non-lawyers such as plaintiff may not represent the rights of other non-lawyers such as Mr. Manucci in federal court. *See Cavanaugh ex rel. Cavanaugh v. Cardinal Local School Dist.*, 409 F.3d. 753, 756 (6th Cir. 2005)(abrogated on other grounds by *Winkleman v. Parma City School District*, 550 U.S. 516 (2007)); *Heldt v. Nicholson*, 229 F.3d 1152 (6th Cir. 2000)(citing *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231-232 (3rd Cir. 1998)(collecting cases). For these reasons, the undersigned will not address plaintiff's demands for relief on Mr Manucci's behalf.

### IV. CONCLUSION

As explained herein, Flour is entitled to judgment as a matter of law, its Motion for Judgment on the pleadings (Doc. 24) will be granted, and this case will be dismissed with prejudice.

An appropriate Order will be entered.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge